IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT CHRISTIAN ELLIOTT,<br><br>   Plaintiff,<br><br>vs.<br><br>JUSTINE A. ROBERTS,<br><br>   Defendant. | 8:22CV177<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff has filed 301 pages of complaints, supplements, and exhibits, the majority of which she did not seek permission to file. (Filings 1, 6-8, 10-11, 13-16.) *See* Fed. R. Civ. P. 15(a) (party may amend its pleading *once* as a matter of course within 21 days after serving it or after service of responsive pleading or Rule 12 motion; otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules.").

As best as the court can tell, Plaintiff generally complains about Defendant Justine Roberts, a lawyer who previously represented Plaintiff, for the manner in which he attempted to collect money from Plaintiff and for hindering Plaintiff's legal attempt to change her name to align with her gender identity, bullying and targeting

Plaintiff for being transgender, and operating as a business when Defendant's law practice has been classified as suspended by the Nebraska Secretary of State. (Filing 8.) Plaintiff cites as a basis for her claims the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*; and "civil and human rights" in "city, state, federal and tribal laws." (*Id*. at CM/ECF p. 8.) Plaintiff requests $75,000 in damages. (*Id*. at p. 16.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Rule 8

The court has carefully reviewed Plaintiff's Complaint and its Supplements, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiff's Complaint and its Supplements fail to meet the minimal pleading standard.

On the court's own motion, Plaintiff will be granted 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes her claims against Defendants. *Plaintiff should be mindful to clearly explain in a concise and organized fashion what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated.* Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

### B. Filing of an Amended Complaint

If Plaintiff chooses to file an amended complaint, she should keep the following discussion in mind regarding the claims she may be attempting to assert.

### 1. Constitutional Claims Under 42 U.S.C. § 1983

Plaintiff appears to be attempting to bring constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action for those who are deprived of a federally protected right by a person acting "under color of state law." *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). "Anyone whose conduct is fairly attributable to the State can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (internal quotation marks and citation omitted).

Here, Plaintiff sues her private lawyer. However, only "state actors" may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)); *see also Sabri*, 833 F.3d at 1000 ("A private party is considered a state actor if the alleged deprivation was caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible." (internal quotation marks and citation omitted)); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts indicating that any defendants she sues were performing functions reserved to or created by the state.

### 2. Title VII

Because "Title VII addresses the conduct of employers only," *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006), Plaintiff may not assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, unless she sues her "employer" within the meaning of Title VII.

### 3. Challenge to State Proceedings

To the extent Plaintiff attempts to challenge state-court proceedings, the *Rooker-Feldman* doctrine precludes this court's consideration of such claims. This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state-court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman*, 460 U.S. at 467. *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). In order for Plaintiff to properly challenge any civil state-court judgments entered against her, she must seek the appropriate state remedies.

### 4. State-Law Claims

Plaintiff may also be attempting to raise state-law claims against her counsel. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state-law claim. In the event Plaintiff fails to amend her Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state-law claim, and such claim will be dismissed without prejudice to reassertion in state court. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state-law claims).

### C.  Motion to Issue Subpoenas

Plaintiff moves to issue several subpoenas. (Filing 9.) When a complaint is filed in a pro se case, the court is first required to review it to determine whether summary dismissal is appropriate before service of process is ordered and before any discovery occurs. *See* 28 U.S.C. § 1915(e)(2) (court must dismiss complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief). Because Plaintiff has been given leave to file an amended complaint which will then be subject to the court's initial review, no discovery may take place at this time. Therefore, Plaintiff's Motion will be denied as premature.

### IV.  CONCLUSION

Plaintiff's Complaint and its Supplements violate Fed. R. Civ. P. 8(a) and (d), which require that each "allegation must be simple, concise, and direct" and "a short and plain statement of the claim showing that the pleader is entitled to relief." On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that addresses these deficiencies. Plaintiff's amended complaint must **concisely** summarize the relevant allegations of her original Complaint and its Supplements and any new allegations **in one document**. Plaintiff should be mindful to explain what each Defendant did

to her, when each Defendant did it, and how each Defendant's actions harmed her. Plaintiff is warned that any amended complaint she files will supersede, not supplement, her prior pleadings.

IT IS ORDERED:

1. Plaintiff's Motion to Amend Complaint (Filing 11) is granted as follows:

(a) Plaintiff shall have until **June 22, 2022**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

(b) If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims she wishes to pursue against all of the defendants she wishes to proceed against in the amended complaint. Plaintiff should be mindful to explain **concisely** in her amended complaint what each defendant did to her, when each defendant did it, how each defendant's actions harmed her, and what specific legal rights Plaintiff believes each defendant violated.

(c) Failure to consolidate all claims into **one document** may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint**.

(d) Plaintiff shall not file additional motions to amend or supplements without strictly complying with Nebraska Civil Rule 15.1.[1]

---

[1] Nebraska Civil Rule 15.1(a) provides:

A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the

    (e)    Plaintiff's amended complaint shall not contain lengthy regurgitation or descriptions of statutory or case text, as appears in Filing 8.

2. The court's jurisdiction over Plaintiff's state-law claims will be reevaluated upon initial review of Plaintiff's amended complaint.

3. Plaintiff is instructed to stop filing copies of letters, medical records, photographs, contracts, accident reports, billing statements, receipts, emails, certifications, court records, items from the Internet, and the like, as such paperwork can be filed, if relevant, in the course of motion practice later in the litigation.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: June 22, 2022—amended complaint due.

6. Plaintiff's Motion to Issue Subpoenas (Filing 9) is denied as premature.

---

proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

Nebraska Civil Rule 15.1(c) states: "The granting of the motion for leave to amend does not constitute filing the amended pleading. If granted leave to amend, the party must then file the amended pleading."

7.  Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 23rd day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge