IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT/YUKIE LOLA CHRISTIAN ELLIOTT,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTINE A. ROBERTS, Debt Collector/Owner of Roberts Law LLC; and OMAHA DOUGLAS FEDERAL CREDIT UNION,<br><br>Defendants. | 8:22CV177<br><br>**MEMORANDUM AND ORDER** |

On May 23, 2022, the court gave Plaintiff leave to file an amended complaint in order to comply with Fed. R. Civ. P. 8. (Filing 17.) The Plaintiff has done so. (Filing 18.) The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff complains that lawyer Justine Roberts and the Omaha Douglas Federal Credit Union objected by telephone during Plaintiff's name-change hearing in the District Court of Douglas County, Nebraska, (Case No. CI 22-2257) on the ground that Plaintiff was "wanting to run from [her] debt." According to the electronic records of the state district court, the Objection filed by the Omaha Douglas Federal Credit Union in Plaintiff's state-court case stated that Plaintiff drew an "Altered/Fictitious" check on it for $2,850.00; the Credit Union obtained a judgment against Plaintiff for $1,394.61, costs, and attorneys' fees; as of April 20, 2022, Plaintiff still owed the Credit Union $1,700.37; the Credit Union has used

legal means to collect the debt, but Plaintiff has avoided paying it; and the Credit Union "believes the Petitioner is attempting to change his name to avoid liability on his debts and to further frustrate the efforts of his creditors to collect on their debts." *In re Name Change of Robert Christian Elliott*, No. CI 22-2257, District Court of Douglas County, Nebraska (Apr. 21, 2022).[1]

Plaintiff claims that because of Defendants' objections to her name change, she was not granted a name change to align with her gender identity. However, the relevant Douglas County District Court records show that the state court **DID** indeed issue a Decree of Name Change on June 1, 2022, ordering that Plaintiff's name be changed from Robert Christian Elliott to Yukie Lola Nashaia Soto-Elliott. *Id*.

Plaintiff alleges that in lodging their objections, Defendants committed "malpractice, emotional abuse, lbgtqa human rights, discrimination sex and gender, verbal abuse, Threats/harassment/breaking the federal debt collection protection laws, violation of fair court hearings/trial, suspended business license/illegally under the federal court not allowed to practice law until legally active as of 05/23/2022." For relief, Plaintiff requests $2.9 million, a mistrial, and an appeal from the state-court name-change decision. Plaintiff states, "all I want is . . . my name change to become a woman." (Filing 18.)

## II. DISCUSSION

Because the judicial records from Plaintiff's state-court case indicate that Plaintiff has received the relief she seeks in her Amended Complaint in this court

---

[1] Nebraska's judicial records may be retrieved online through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. The court can sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996). *See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

2

(*i.e.*, "all I want is . . . my name change to become a woman." (Filing 18)), this matter appears to be moot. Mootness divests this court of subject-matter jurisdiction. *Malkowski v. Gonzalez*, No. 4:09CV490, 2009 WL 1578816, at *1 (E.D. Mo. June 3, 2009) (collecting cases).

Accordingly, because the Douglas County District Court granted Plaintiff's desired name change—which is the issue underlying all claims and requests for relief sought in this court—I will order Plaintiff to show cause why this case should not be dismissed without prejudice as moot. *Id*.

IT IS ORDERED:

1. On or before August 18, 2022, Plaintiff shall show cause why this case should not be dismissed without prejudice as moot;

2. If Plaintiff fails to show cause, this matter shall be dismissed without further notice; and

3. The Clerk of Court shall set a pro se case-management deadline as follows: August 18, 2022—Plaintiff to show cause.

DATED this 19th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3