IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT/YUKIE LOLA CHRISTIAN
ELLIOTT,

                Plaintiff,

      vs.

JUSTINE A. ROBERTS, Debt
Collector/Owner of Roberts Law LLC;
and OMAHA DOUGLAS FEDERAL
CREDIT UNION,

              Defendants.

**8:22CV177**

**MEMORANDUM
AND ORDER**

After the court's initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), the court directed Plaintiff to file an amended complaint that would supersede her original Complaint. (Filing 17.) Plaintiff did so. (Filing 18.) In the court's initial review of the Amended Complaint, the court ordered Plaintiff to show cause why this case should not be dismissed as moot because the main relief Plaintiff sought (a name change to match her new female identity) has now been granted by the Douglas County District Court. (Filing 19.) Plaintiff has responded. (Filing 20.)

## FACTUAL BACKGROUND

In her Amended Complaint filed May 26, 2022, Plaintiff alleges that lawyer Justin[1] Roberts, who was representing the Omaha Douglas Federal Credit Union, objected by telephone during Plaintiff's name-change hearing in the District Court of Douglas County, Nebraska, on the ground that Plaintiff was "wanting to run from [her] debt" by changing her name. According to the electronic records of the state

---

[1] Plaintiff erroneously spelled Defendant's name as "Justine" in her complaint captions. The court will use "Justin" throughout this Memorandum and Order.

district court, the objection filed by the Omaha Douglas Federal Credit Union in Plaintiff's state-court case stated that Plaintiff drew an "Altered/Fictitious" check on it for $2,850.00; the Credit Union obtained a judgment against Plaintiff for $1,394.61, costs, and attorneys' fees[2]; as of April 20, 2022, Plaintiff still owed the Credit Union $1,700.37; the Credit Union has used legal means to collect the debt, but Plaintiff has avoided paying it; and the Credit Union "believes the Petitioner is attempting to change his name to avoid liability on his debts and to further frustrate the efforts of his creditors to collect on their debts." *In re Name Change of Robert Christian Elliott*, No. CI 22-2257, Image ID 002296604D01 (Apr. 21, 2022, District Court of Douglas County, Nebraska).[3]

Plaintiff claims in her Amended Complaint that because of Defendants' objections to her name change, she was not granted a name change to align with her gender identity, and the Defendants committed "malpractice, emotional abuse, lbgtqa human rights, discrimination sex and gender, verbal abuse, Threats/harassment/breaking the federal debt collection protection laws, violation of fair court hearings/trial, suspended business license/illegally under the federal court not allowed to practice law until legally active as of 05/23/2022." For relief, Plaintiff requests $2.9 million, a mistrial, and an appeal from the state-court name-change decision. Plaintiff states, "all I want is . . . my name change to become a woman." (Filing 18.)

---

[2] The case in which the judgment was obtained against Plaintiff by the Omaha Douglas Federal Credit Union was *Omaha Douglas Federal Credit Union v. Robert C. Elliott*, No. CI21-7884 (County Court of Douglas County, Nebraska).

[3] Nebraska's judicial records may be retrieved online through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. The court can sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996). *See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

However, the relevant Douglas County court records show that *after* Plaintiff's Amended Complaint was filed in this case, Plaintiff paid the outstanding judgment owed to the Omaha Douglas Federal Credit Union,[4] and the state court issued Plaintiff a Decree of Name Change on June 1, 2022, ordering that Plaintiff's name be changed from Robert Christian Elliott to Yukie Lola Nashaia Soto-Elliott.[5] In response to this court's Order that Plaintiff show cause why this case should not be dismissed as moot because Plaintiff's name change has now been granted, Plaintiff asserts that even though she received a legal name change, her "human rights still were violated for not hav[ing] a fair hearing when in fact Yukie Soto-Elliott was not running from her debt she was only trying to change the name for her sexuality and gender. Neb. Rev. Stat. § 45-601 *et seq*."[6] (Filing 20 at CM/ECF pp. 1-2.) Plaintiff further complains that the Defendants violated the Fair Debt Collection Practices Act by interfering with her name-change case. The court construes Plaintiff's Amended Complaint (as clarified by her Response to the court's show-cause Order) as asserting these two claims only.

## DISCUSSION

### 1.  "Human Rights" Violation

---

[4] *Omaha Douglas Federal Credit Union v. Robert C. Elliott*, No. CI21-7884, Image ID D05977275C01 (June 1, 2022, County Court of Douglas County, Nebraska).

[5] *In re Name Change of Robert Christian Elliott*, No. CI 22-2257, Image ID 002312841D01 (Apr. 21, 2022, District Court of Douglas County, Nebraska).

[6] Confusingly, Plaintiff's statutory reference is to a provision in the Collection Agency Act, Neb. Rev. Stat. §§ 45-601 to 45-622 (Westlaw 2022), which classifies as a Class III misdemeanor any person, firm, corporation, or association operating a collection agency without a license. However, "collection agency," for purposes of the Act, does not include banks or "attorneys at law handling claims and collections in their own names and not operating a collection agency under the management of a layperson." Neb. Rev. Stat. § 45-602. This Act would not seem to apply here.

3

Plaintiff appears to be attempting to bring constitutional claims under 42 U.S.C. § 1983 by alleging violation of her "human rights." As Plaintiff was previously advised in the court's initial review of her original Complaint, 42 U.S.C. § 1983 creates a cause of action for those who are deprived of a federally protected right by a person acting "under color of state law." *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). "Anyone whose conduct is fairly attributable to the State can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (internal quotation marks and citation omitted).

Here, Plaintiff sues a private lawyer who was representing a credit union to which Plaintiff owed money. However, only "state actors" may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Sabri*, 833 F.3d at 1000 ("A private party is considered a state actor if the alleged deprivation was caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible." (internal quotation marks and citation omitted)); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

4

Despite being previously advised regarding the state-action element of section 1983 claims, neither Plaintiff's Amended Complaint, nor her Response to the court regarding the possible mootness of this case, alleges facts indicating that the Defendants were performing functions reserved to or created by the state when they legally intervened in a private lawsuit in an effort to protect their financial interests. Accordingly, Plaintiff fails to state a 42 U.S.C. § 1983 claim, and leave to amend will not be given.

## 2.  Fair Debt Collection Practices Act

Plaintiff alleges that by objecting to her desired name change in the Douglas County District Court because they feared she was trying to avoid paying a debt, Defendants violated the Fair Debt Collection Practices Act ("FDCPA").

The purpose of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). For example, the Act prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" (15 U.S.C. § 1692d); the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. § 1692e); and any "unfair or unconscionable means to collect or attempt to collect any debt" (15 U.S.C. § 1692f).

A "debt collector" within the meaning of the Act includes "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Act applies to "'attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation.'" *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 817 (8th Cir. 2012) (quoting *Heintz v. Jenkins,* 514 U.S. 291, 299 (1995)). "Debt collectors" who fail to comply with the Act may be held liable for actual

5

damage incurred by the violation of the Act, plus damages not exceeding $1,000 "in the case of any action by an individual." 15 U.S.C. § 1692k(a)(1)-(2)(A).

Although unclear from the pleadings, Plaintiff may be attempting to recover under the following provisions of the FDCPA, asserting that filing an objection in Plaintiff's name-change hearing constituted harassment, oppression, or abuse; was unfair or unconscionable; and lacked the express permission of the court:

> Harassment or abuse: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

> Unfair practices:  "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

> Communication in connection with debt collection: "[W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). Regulatory language at 12 C.F.R. § 1006.6(d)(1) limits with whom a debt collector can communicate in connection with the collection of any debt, but these limitations do not apply "when a debt collector communicates . . . with a person . . . [w]ith the express permission of a court of competent jurisdiction." 12 C.F.R. § 1006.6(d)(2). FDCPA cases involving a lawyer's representations in the course of litigation require a case-by-case analysis. *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012) ("We conclude that the diverse situations in which potential FDCPA claims may arise during the course of litigation, and the Supreme Court's caution in *Heintz* that careful

crafting may be required in applying the statute's prohibitions to attorneys engaged in litigation, counsel against anything other than a case-by-case approach.").

Construing Plaintiff's Amended Complaint liberally, considering Plaintiff's Response to the court's show-cause Order, and holding Plaintiff to "a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), I conclude that Plaintiff's claims under the FDCPA may proceed to service of process. *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004) ("if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework"). However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Accordingly,

IT IS ORDERED:

1.     The Clerk of Court shall change the first name of the first Defendant in the case caption from "Justine" to "Justin."

2.     Plaintiff's 42 U.S.C. § 1983 claims are dismissed for failure to state a claim upon which relief can be granted, and leave to further amend as to this claim will not be given as futile.

3.     Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*., may proceed to service of process.

4.     For service of process on Defendant Justin A. Roberts, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "Justin A. Roberts, Roberts Law, L.L.C., 5010 Dodge Street, Omaha, NE 68132" and forward them together with a copy of the Amended Complaint (Filing 18), Plaintiff's Response to the court's show-cause Order (Filing 20), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Justin A. Roberts at "Justin A. Roberts, Roberts Law, L.L.C., 5010 Dodge Street, Omaha, NE 68132."** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[7]

5.     For service of process on Defendant Omaha Douglas Federal Credit Union, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "Tammy Nelson-Lovett, CEO/President, Omaha Douglas Federal Credit Union, 8251 West Center Road, Omaha, NE 68124" and forward them together with a copy of the Amended Complaint (Filing 18), Plaintiff's Response to the court's show-cause Order (Filing 20), and a copy of this

---

[7] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.**" *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Omaha Douglas Federal Credit Union at "Tammy Nelson-Lovett, CEO/President, Omaha Douglas Federal Credit Union, 8251 West Center Road, Omaha, NE 68124."** Service may be accomplished as described in Federal Rule of Civil Procedure 4(h)(1).

6.     The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7.     Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this Order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

8.     Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 25th day of October, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge