IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUKIE LOLA NASHAIA SOTO-ELLIOTT,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN A. ROBERTS, Debt Collector/Owner of Roberts Law LLC, and OMAHA DOUGLAS FEDERAL CREDIT UNION,<br><br>Defendants. | 8:22-CV-177<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Omaha Douglas Federal Credit Union's motion to dismiss the plaintiff's claim against it for failure to state a claim upon which relief can be granted. Filing 28. The Court will grant the Credit Union's motion and dismiss the Credit Union as a party.

STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. However, the Court may take notice of public records. *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

BACKGROUND

This case began with the plaintiff's petition, in the District Court of Douglas County, Nebraska, to change her name from Robert Christian Elliott to Yukie Lola Nashaia Soto-Elliott. Filing 21 at 3 (citing *In re Name Change of Robert Christian Elliott*, No. CI 22-2257, (Neb. Dist. Ct. Douglas Cnty. Apr. 21, 2022)). Under Nebraska law, a resident may obtain a legal name change by, among other things, satisfying the district court "that there exists proper and reasonable cause for changing the name of the petitioner." Neb. Rev. Stat. § 25-21,271(4). But in this instance, defendant Justin Roberts allegedly objected to the name change as being an attempt to avoid an outstanding judgment to the Credit Union. Filing 18. So, the plaintiff alleges, her name change was (at least initially) denied. Filing 18. (The plaintiff represents that the objection was withdrawn after she paid the debt. Filing 32 at 28.)

The plaintiff sued Roberts, his eponymous law firm, and the Credit Union, alleging claims of sex discrimination and under the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Filing 18. On initial review of the plaintiff's *pro se* complaint, the Court dismissed her civil rights claims but permitted her FDCPA claim to proceed to service of process. Filing 21. The Credit Union now moves to dismiss that remaining claim. Filing 28.

### DISCUSSION

The FDCPA, which is designed to prevent abusive debt collection practices, governs the conduct of debt collectors in relation to any attempt to collect a debt. *Heinz v. Carrington Mortg. Servs., LLC*, 3 F.4th 1107, 1111 (8th Cir. 2021); *see Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017). It imposes civil liability only on debt collectors, as they are defined by the statute. *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 950 (8th Cir. 2006).

A "debt collector," under the FDCPA, includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). But a "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." § 1692a(6)(A). And a "creditor" includes "any person who offers or extends credit creating a debt or to whom a debt is owed," but not "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." § 1692a(4).

The Credit Union argues that it's a creditor, not a debt collector. Filing 28. And that is all the plaintiff has alleged. The lender or even subsequent purchaser of a debt is, generally speaking, not a "debt collector." *See Henson,*

582 U.S. at 83.[1] Justin Roberts and his law firm may be debt collectors. *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995). But on the facts alleged in the plaintiff's complaint, the Credit Union is not. The plaintiff's complaint describes the actions of Roberts and his law firm, in a representative capacity on behalf of the Credit Union, concerned with collecting a debt owed to the Credit Union. The only direct mention of the Credit Union alleges a statement *undercutting* the plaintiff's allegations of responsibility. *See* filing 18.

Furthermore, the Court agrees with the Credit Union that it cannot be held vicariously liable, as a creditor, for the actions of its legal representative. Were the Credit Union itself a debt collector, that might be different. *See Reygadas v. DNF Assocs., LLC,* 982 F.3d 1119, 1126-27 (8th Cir. 2020). But the Court agrees with the Sixth Circuit that it would be inconsistent with the FDCPA to hold a party who is *not* a debt collector liable solely because it's represented by an attorney who *is* a debt collector. *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 108 (6th Cir. 1996); *accord Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 325 (7th Cir. 2016); *River Oaks Homeowners Prot. Comm., Inc. v. Edington & Assocs.,* 32 F. App'x 929, 931 n.6 (9th Cir. 2002). Only debt collectors are liable under the FDCPA, and the definition of that term expressly excludes officers or employees of creditors, anyone who originated a debt, and anyone who obtained a debt when it wasn't in default. *See Barbato v. Greystone All., LLC,* 916 F.3d 260, 265 n.3 (3d Cir. 2019). It would be inconsistent with the statutory definitions to use common law agency principles to bring those people back in.

---

[1] If there's some factual basis for finding the Credit Union to be a "debt collector"—for instance, that the Credit Union was assigned the debt after it was in default for purposes of collection, *see Volden,* 440 F.3d at 951—then it's not to be found in the plaintiff's complaint.

Accordingly, the Court finds that the plaintiff has failed to state a claim against the Credit Union under the FDCPA. The Court is well aware that a pro se filing is to be liberally construed, and that a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). But there is nothing here to suggest that the Credit Union is a debt collector, instead of a creditor, which means that the FDCPA doesn't provide a claim against the Credit Union.

IT IS ORDERED:

1. The Omaha Douglas Federal Credit Union's motion to dismiss (filing 28) is granted.

2. The plaintiff's FDCPA claims against the Omaha Douglas Federal Credit Union are dismissed.

3. The Omaha Douglas Federal Credit Union is terminated as a party.

Dated this 28th day of September, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge