IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUKIE LOLA NASHAIA SOTO-ELLIOTT,<br><br>           Plaintiff,<br><br>vs.<br><br>JUSTIN A. ROBERTS, Debt Collector/Owner of Roberts Law LLC,<br><br>           Defendant. | 8:22-CV-177<br><br>ORDER |

    The plaintiff has filed a document (filing 39) that asserts a number of things, among them requests to add a party and a claim. The defendant has filed a motion (filing 40) to strike the plaintiff's filing. To the extent the plaintiff's document contains any motions, they will be denied. The defendant's motion will also be denied.

    First, the plaintiff's filing. For the most part, the Court understands the plaintiff's filing—which is captioned, in part, "Answer case progression order"—as being intended to serve as her initial mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1). After all, those required disclosures are due on December 15, *see* filing 38, and must include the names of people likely to have discoverable information, copies or descriptions of the location of relevant documents, and a computation of damages, *see* Rule 26(a)(1)(i)-(iii). That describes much of the plaintiff's filing. *See* filing 39 at 4-6, 27-40.

    The Court does *not* understand the plaintiff to be asking for subpoenas to be issued to all those witnesses at this time. There is *one* clear request for a subpoena, to the Nebraska Secretary of State regarding the defendant's licensing. Filing 39 at 1. But there's no need to subpoena that evidence—the

Court can take judicial notice of such public records. *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Shirley Med. Clinic, P.C. v. United States*, 446 F. Supp. 2d 1028, 1035 (S.D. Iowa 2006), *aff'd,* 243 F. App'x 191 (8th Cir. 2007). That said, the plaintiff is advised that if and when she *does* need the Clerk of the Court to issue subpoenas, she will have to complete the appropriate form—Form AO 088, AO 088A, or AO 088B—and provide it to the Clerk to be issued. Those forms are available on the Court's website at https://www.ned.uscourts.gov/forms.

The plaintiff's filing does contain two requests, however, that could be construed as motions to the Court: A request "to Reconsider motion to Deny the motion to excuse or remove Omaha Federal Credit Union Bank" and a "[m]otion to add Judge Coffey [who] under case CI 21-7884 Violated and allowed Fair debt collection laws to be breeched [sic] under his administration." Filing 39 at 2-3. The first request, asking the Court to reconsider its memorandum and order dismissing the plaintiff's claims against the Omaha Douglas Federal Credit Union, is denied for the reasons stated in that memorandum and order. *See* filing 37. The second request will be denied for two different reasons.

The first reason is that asking the Court to add a party or claim is, in effect, asking the Court for leave to amend the complaint. But the plaintiff hasn't complied with the rules for seeking leave to amend a complaint. *See* NECivR 15.1. And even though *pro se* pleadings are liberally construed, *pro se* plaintiffs must still follow the Court's rules. *See Johnson v. Kaemingk*, 381 F. Supp. 3d 1104, 1113 (D.S.D. 2019); *Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015), *aff'd,* 652 F. App'x 479 (8th Cir. 2016).

The second reason is that the specific amendment sought here—adding Judge Coffey as a defendant—would be futile. The allegation, as the Court

- 2 -

understands it, is that in the underlying name change proceeding, Judge Coffey allowed the defendant to purportedly violate the plaintiff's rights under the Fair Debt Collection Act. Filing 39 at 3. But that allegation is clearly directed at actions Judge Coffey took in a judicial capacity, meaning that he's immune from being sued. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Accordingly, the proposed amended complaint could not withstand a motion to dismiss. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

With the plaintiff's filing handled, the Court will also deny the defendant's motion to strike. As noted above, the Court construes the primary purpose of the plaintiff's filing as responsive to the case progression order (filing 38), which directed her to make her initial mandatory disclosures. And to the extent the plaintiff's filing requests other relief, the Court has denied those motions.

IT IS ORDERED:

1. To the extent the plaintiff's filing (filing 39) is a motion to reconsider or for leave to amend, that motion is denied.

2. The defendant's motion to strike (filing 40) is denied.

Dated this 3rd day of November, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge