IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YUKIE LOLA NASHAIA SOTO-ELLIOTT, | ) ) ) | CASE NO.   8:22-CV-00177 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | REPLY BRIEF IN SUPPORT OF DEFENDANT JUSTIN A. ROBERTS' MOTION FOR SUMMARY JUDGMENT |
| JUSTIN A. ROBERTS and OMAHA DOUGLAS FEDERAL CREDIT UNION, | ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Justin A. Roberts offers this Reply Brief in Support of his Motion for Summary Judgment on all claims made against him by Plaintiff Yukie Lola Nashaia Soto-Elliott.

### INTRODUCTION

Plaintiff alleges Roberts violated the Fair Debt Collection Practices Act ("FDCPA") by filing an objection ("Objection") to Plaintiff's name-change petition in state court. Roberts previously outlined why the facts don't support that claim. (Filing No. 50). In short: Plaintiff presented a check to the Omaha Federal Credit Union ("Credit Union") that was returned as "Altered/Fictitious"; the Credit Union retained Roberts to secure a Judgment against Plaintiff, which he did; Roberts then undertook collection efforts, which included unsuccessful garnishment attempts and two sworn debtor's examinations during which Plaintiff seemingly provided false information; Plaintiff then initiated a name-change proceeding, which prompted the Objection from Roberts; and the state court preliminarily sustained the Objection (implicitly recognizing it was a valid way for Roberts' client to preserve a post-judgment remedy), but then granted the name change once the Judgment was paid. These facts are undisputed—and have now been deemed admitted.

Roberts previously cited well-reasoned authority demonstrating that the law doesn't support Plaintiff's claim, either. That is, Plaintiff cannot rely upon 15 U.S.C. § 1692d, because the "natural consequence" of filing the Objection—a lawful action done for a permissible reason, as the state court recognized—is not to "harass, oppress, or abuse." *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1306 (11th Cir. 2015) (holding it was not a violation of § 1692 for defendant to "employ[] the court system" by merely "filing an oppositional statement" in the course of litigation). Nor can Plaintiff base a claim on 15 U.S.C. § 1692f, since the Objection falls far short of clearing the high bar for conduct to be "unfair" or "unconscionable." *See Miljkovic*, 791 F.3d at 1308 (recognizing the sworn statement was not "deceitful or an affront to justice," and emphasizing "[a] catch-all is not a free-for-all"). And 15 U.S.C. § 1692c(b) has no application given that the Objection was "necessary to effectuate a post-judgment judicial remedy." *Backlund v. Messerli & Kramer, P.A.*, No. Civ. 12-808, 2012 WL 3582963 (D. Minn. Aug. 17, 2012) (cleaned up).

Plaintiff's FDCPA claim(s) therefore lacks both factual support and legal merit. Roberts therefore respectfully requests the Court dismiss the case, with prejudice.

### ARGUMENT

1. **Plaintiff failed to comply with the summary-judgment procedure, so Roberts' Undisputed Facts "are considered admitted."**

The first problem with Plaintiff's response is a procedural one: non-compliance with the mandatory summary-judgment procedure. Local Rule is clear about that a party opposing summary judgment "*must*" file a "separate statement of concise responses to the moving party's statement of material facts." NEB. CIV. R. 56.1(b)(1) (emphasis added). It is also specific about how those factual responses must be supported (with "pinpoint references" to evidence) and formatted (e.g., "undisputed, disputed, or undisputed in part and disputed in part"). *Id.*

Then there is the Rule's clarity about the severe consequences of non-compliance: "<u>Properly referenced material facts in the movant's statements are considered admitted unless controverted in the opposing party's response</u>." *Id.* (emphasis in original); *see also* FED. R. CIV. P. 56(e) (affording the court options "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact"); *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997) ("A local rule of a district court has the force of law, and the parties are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law." (cleaned up)).

The Eighth Circuit has repeatedly affirmed a district court's decision to apply this concision-and-specificity Rule and impose the explicitly stated consequences. *See, e.g.*, *Jones v. UPS*, 461 F.3d 982, 990 (8th Cir. 2006) ("We likewise conclude the district court did not abuse its discretion in determining that plaintiffs' statement of controverted facts and response to defendants' uncontroverted facts violated Rule 56.1, and in disregarding them as a sanction. As a consequence, the district court properly deemed defendants' statements admitted."); *Ballad v. Heineman*, 548 F.3d 1132, 1133 (8th Cir. 2008) ("We follow the district court in considering [the movants'] statements of facts in support of their motions for summary judgment 'deemed admitted' under Nebraska Local Civil Rule 56.1(b) because [the non-movant] did not respond to those statements.").

Here, Roberts complied with Local Rule 56.1 by filing a separate statement of Facts with citations to admissible evidence. (Filing No. 50). Plaintiff did not respond to those Facts and therefore did not comply with the Rule.[1] This means Roberts' Facts "<u>are considered admitted</u>."

---

[1] While Plaintiff filed something on January 26 (Filing No. 53), this Court aptly noted its purpose was "uncertain." (Filing No. 55). Regardless, there was no "separate statement of concise responses" in that filing or in any other.

**2.  Plaintiff did not provide any admissible evidence to support her claim.**

The second problem with Plaintiff's opposition is evidentiary: Plaintiff has offered no admissible evidence of any claim(s). The operative Complaint is unverified, so while it helps frame the limited issues that survived initial screening it provides no substantive support for Plaintiff's case. *See* FED. R. CIV. P. 56(c)(1); *see also Thomas v. Corwin*, 483 F.3d 516, 526 (8th Cir. 2007) ("The party opposing summary judgment cannot rest solely on the pleadings."); *Beyer v. Firstar Bank N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006) (noting an allegation in an unverified complaint does not suffice); *Tweeton v. Frandrup*, 287 F. App'x 541 (8th Cir. 2008) (per curiam) ("[B]ecause his complaint was unverified, it could not be considered as such evidence.").

And the attachments to Plaintiff's filing—purported emails, statutes, letters, and other documents—are inadmissible. To begin, they are unaccompanied by any foundational affidavit. *See* NEB. CIV. R. 7.1(b)(2)(C) ("An affidavit must identify and authenticate any documents offered as evidence."); *see also* FED. R. EVID. 901 (authenticity); *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) ("In light of the lack of affidavits supporting [Plaintiff's] submissions, we conclude the district court neither abused its discretion nor committed any error by striking [Plaintiff's] unauthenticated and inadmissible exhibits."). The items are comprised largely of inadmissible hearsay, too. *See* FED. R. EVID. 801-802, 805. Accordingly, Roberts objects to and moves to strike any material intended to constitute "evidence" contained within Plaintiff's opposition.[2]

Taken together with Plaintiff's failure to comply with the summary-judgment procedure, this means: (1) Roberts' Facts are deemed admitted; and (2) Plaintiff has offered no evidence, such that Roberts' evidence supporting his Motion is all that is in the record.

---

[2] Roberts similarly objects and moves to strike any and all materials attached to Plaintiff's prior filings for these same reasons.

**3. There was no violation of any provision of the FDCPA—no harassment (§ 1692d), no unconscionable conduct (§ 1692f), and no improper communication (§ 1692c(b)).**

The third problem with Plaintiff's opposition is substantive: each potential theory fails as a matter of law. Roberts detailed the multiple shortcomings in his prior Brief, and will not belabor those points here but will summarize them in light of Plaintiff's opposition.

*First*, Plaintiff has no viable claim 15 U.S.C. § 1692d because she cannot show Roberts "engage[d] in any conduct the natural consequence of which is to harass, oppress, or abuse." Consider the criticized conduct: the Objection was made in accordance with law; done for a proper purpose; did not contain any threatening or obscene language; and, tellingly, was sustained by the statute court. This does not fall within any of the categories listed in the statute. *See id.* Indeed, it falls far, far from any of those categories. *See Frye v. Bowman, Heintz, Boscia, Vician, P.C.*, 193 F. Supp. 2d 1070, 1081 n.9 (S.D. Ind. 2002) (noting "[c]ourts have looked to the types of conduct expressly proscribed" by statute to guide the analysis). The Eleventh Circuit has even rejected a claim under § 1692d predicated upon the legitimate use of the legal system in circumstances like those here. *See Miljkovic.*, 791 F.3d at 1305 ("[S]urely a simple oppositional statement does not represent the type of coercion and delving into the personal lives of debtors that the FDCPA in general, and § 1692 in particular, was designed to address" (cleaned up)).

*Second*, Plaintiff cannot invoke 15 U.S.C. § 1692f given the lack of any "unfair or unconscionable behavior" by Roberts. Again, there is a list of conduct that meets that standard. *See id.* § 1692f(1)-(8). And again, the Objection is a far cry from anything on that list. *See Miljkovic*, 791 F.3d at 1309 ("[D]isagreement is the nature of litigation."). Roberts submits it cannot be an "affront to justice" to take a lawful position that a state court recognized as valid and adopted. *Miljkovic*, 791 F.3d at 1309 (holding plaintiff failed to state a claim under the FDCPA based on defendant's "conduct before the state court").

Page 5 of 7

*Third*, Plaintiff cannot rely upon 15 U.S.C. § 1692c(b) because the Objection fits squarely within an explicit exception related to third-party communications.[3] That is, the Objection filed in state court was "reasonably necessary to effectuate a postjudgment judicial remedy"—i.e., the Judgment obtained in state court. *Id.* Roberts offered multiple cases recognizing the reality that contact with state courts is sometimes necessary to recover from a party with an outstanding judgment, like Plaintiff. *See, e.g.*, *Deitemyer v. Ryback*, No. CV ELH-18-2002, 2019 WL 3587883, at *12 (D. Md. Aug. 6, 2019) ("[I]n the debt collection action, defendants' contacts with the State courts were reasonably necessary precedents to reaching a postjudgment judicial remedy. Therefore, plaintiff's claim fails.").

Plaintiff does not appear to offer any rebuttal to any of these points, nor does she offer any different authority to support any claim(s). Roberts therefore submits that all relevant authority cited by the parties supports one outcome: dismissal.

### CONCLUSION

For the reasons stated above and in the previously filed Brief, Roberts respectfully requests this Court enter summary judgment in his favor and dismiss all claims made against him by Plaintiff, with prejudice.

---

[3] Roberts notes that 15 U.S.C. § 1692c(a)'s regulation of consumer communications is irrelevant since the Court did not construe the operative Complaint to state a claim under that provision, nor does the evidence support any such claim. And while Plaintiff's filing contains references to some "cease and desist"-type letter perhaps in reference to § 1692c(c), the Court did not recognize that claim, either, and there is no evidence of any such letter. Roberts therefore does not intend to address either provision, given the direction and limitations set by the Court.

JUSTIN A. ROBERTS, Defendant.

By:  */s/ Randall L. Goyette*
Randall L. Goyette, # 16251
Christopher M. Schmidt, # 26096
Tyler R. Rademacher, # 27915
Baylor Evnen Wolfe & Tannehill, LLP
Union Bank Place
1248 "O" Street, Suite 900
Lincoln, NE 68508
Telephone: (402) 475-1075
Fax: (402) 475-9515
Email: rgoyette@baylorevnen.com
        cschmidt@baylorevnen.com
        trademacher@baylorevnen.com

### CERTIFICATE OF COMPLIANCE

I hereby certify this document complies with NEB. CIV. R. 7.1(d)(1). It contains 1,959 words, as calculated by the word-count function of Microsoft Word.

By:  */s/ Randall L. Goyette*
Randall L. Goyette, # 16251
Christopher M. Schmidt, # 26096
Tyler R. Rademacher, # 27915

### CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on this 4th day of March, 2024 this Reply Brief was served via email to:

Yukie Lola Nashaia Elliott
12057 Patrick Avenue
Omaha, NE 68164
Elliottrobert669@gmail.com

By:  */s/ Randall L. Goyette*
Randall L. Goyette, # 16251

4656617