IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUKIE LOLA NASHAIA ELLIOTT,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN A. ROBERTS, Debt Collector/Owner of Roberts Law LLC;<br><br>Defendant. | 8:22CV177<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on Defendant's motion for summary judgment. (Filing No. 49.) For the reasons explained below, Defendant's motion for summary judgment will be granted.

### BACKGROUND

    This case began with Plaintiff's, Yukie Lola Nashaia Soto-Elliott (Elliott), petition in the District Court of Douglas County, Nebraska, to changer her name from Robert Christian Elliott to Yukie Lola Nashaia Soto-Elliott. (Filing No. 21 at 3.) Defendant, Justin Roberts (Roberts), objected to the name change as an attempt to avoid an outstanding judgment to Omaha Douglas Federal Credit Union (the Credit Union). (Filing No. 21 at 1.) The district court initially sustained Roberts' objection, and Elliot subsequently filed her pro se Complaint against Roberts and the Credit Union. (Filing No. 1.)

    After this Court's review of Elliott's Complaint pursuant to 28 U.S.C. § 1915(e), the Court directed Elliott to file an amended complaint that would supersede the original Complaint. (Filing No. 17.) Elliott complied (Filing No. 18.), and following the initial review of the Amended Complaint, the Court ordered Elliott to show cause why this case should not be dismissed as moot because the primary relief sought by Elliott, a name change to match her new female identity, had

1

been granted by the Douglas County District Court. (Filing No. 19.) Following Elliot's response, the Court understood Elliott's Amended Complaint asserted two claims, a "Human Rights" violation under 42 U.S.C. § 1983, and a violation under the Fair Debt Collection Practices Act (FDCPA). (Filing No. 21 at 3-5.)

The Court determined Elliott failed to state a 42 U.S.C. § 1983 claim but allowed Elliott's FDCPA claim to proceed to service of process. (Filing No. 21 at 7.) Citing 15 U.S.C. § 1692d, 1692f, and 1692c(b), the Court's order found, "Although unclear from the pleadings, Plaintiff may be attempting to recover under the following provisions of the FDCPA, asserting that filing an objection in Plaintiff's name-change hearing constituted harassment, oppression, or abuse; was unfair or unconscionable; and lacked the express permission of the court". (Filing No. 21 at 6.) After additional filings, the Court dismissed Elliott's FDCPA claims against the Credit Union, finding no factual basis to suggest the Credit Union to be a "debt collector" as defined by the FDCPA. (Filing No. 37 at 4-5.)

Roberts answered the Amended Complaint and subsequently filed the motion for summary judgment. (Filing No. 30; Filing No. 49.) Roberts asserts he is entitled to summary judgment because: "The undisputed facts establish that [his] objection did not constitute a violation of the FCDPA under any of the statutory provisions that could even arguably apply here." (Filing No. 51 at 1.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "file a brief and a separate statement of concise responses to the moving party's statement of material facts." NECivR 56.1(b)(1)(A). The separate statement "should consist of separate numbered paragraphs corresponding to the numbered paragraphs in the movant's separate statement of facts, and must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies." Id. "Each response must clearly state that the asserted fact is: (i) undisputed, (ii) disputed, or (iii) undisputed in part and disputed in part." NECivR 56.1(b)(1)(B). "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." Id.; see also Fed. R.

2

Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Roberts submitted a statement of material facts in accordance with the court's Local Rules. (Filing No. 50.) Roberts also submitted evidence that was properly authenticated by affidavit or sworn deposition testimony. (Filing No. 52-1.) Although Elliott submitted a filing purporting to oppose Roberts' motion for summary judgment, it did not respond to Roberts' statement of material facts and was neither procedurally correct nor legally sufficient to oppose Roberts' motion because it was not properly authenticated by affidavit or sworn deposition testimony. (Filing No. 53.) In view of the filings as presented in the record, the Court considers Roberts' motion fully submitted and adopts the following undisputed material facts, as set forth by Roberts. (Filing No. 50.)

## RELEVANT UNDISPUTED FACTS

In January 2021, Elliott presented a check in the sum of $2,850.00 to the Credit Union, which then gave Elliott $2,850.00 in cash. (Filing No. 50 at 2.) Elliott's check was later returned as "Altered/Fictitious," creating a negative balance Elliott's account at the Credit Union. (Filing No. 50 at 2.) After initial efforts, which are not alleged by Elliott to have been in violation of the FDCA, to collect that debt from Elliott failed, the Credit Union engaged Roberts to file suit. (Filing No. 50 at 2.) Several months later, the County Court of Douglas County entered judgment against Elliott and for the Credit Union in the amount of $1,394.61, plus costs and attorney's fees (the Judgment). (Filing No. 50 at 2.)

Roberts then undertook extensive post judgment collection efforts, conducting at least two debtor's exams with Elliott. (Filing No. 50 at 2.) Roberts used information adduced during the debtor's exams to initiate garnishment proceedings, which were ultimately unsuccessful because Elliott provided false information regarding her employment status. (Filing No. 50 at 2.)

On or about March 30, 2022, Elliott filed a Petition for Name Change (Adult) in the District Court of Douglas County. (Filing No. 50 at 3.) Upon learning of Elliott's petition, Roberts filed an Objection to Elliott's name change on the ground Elliott sought a name change to frustrate creditors. (Filing No. 50 at 3.) The objection outlined the circumstances giving rise to the Judgement and stated, "'[t]he Credit Union verily believed[d] the Petitioner [was]

3

attempting to change his name to avoid liability on his debts and to further frustrate the efforts of his creditors to collect on their debts.'" (Filing No. 50 at 3.) Roberts reasonably and in good faith perceived that the name change might serve to frustrate efforts to collect upon the Judgment. (Filing No. 50 at 3.)

On or about May 10, 2022, the district court judge held a hearing in the name change proceeding, and Roberts appeared telephonically. (Filing No. 50 at 3.) The district court judge preliminarily sustained Roberts' objection until Elliott satisfied the Judgment. (Filing No. 50 at 3.) The next day, Elliott, proceeding pro se, filed the case at bar against Roberts and the Credit Union. (Filing No. 50 at 3.) About one week later, the Douglas County District Court issued a Decree of Name Change ordering that Elliott's name be changed in the manner she sought. (Filing No. 50 at 4.)

## DISCUSSION

**<u>Summary Judgment Standard</u>**

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.*

"On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* "In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit." *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quotation omitted). "The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on

4

which the jury could reasonably find for the nonmovant." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011) (quotation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson*, 643 F.3d at 1042 (quotation omitted).

**Fair Debt Collection Practices Act**

The FDCPA, 15 U.S.C. § 1692 *et seq.*, is designed to prevent abusive debt collection practices and governs the conduct of debt collectors in relation to any attempt to collect a debt. *Heinz v. Carrington Mortg. Servs., LLC,* 3 F.4th 1107, 1111 (8th Cir. 2021). "[T]he FDCPA 'imposes civil liability on debt collector[s] for certain prohibited debt collections practices.'" *Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814, 817 (8th Cir. 2012) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576, 130 S. Ct. 1605, 1608 (2010). To establish a violation of the FDCPA, a plaintiff must show: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the Act. *Pace v. Portfolio Recovery Associates, LLC,* 872 F.Supp.2d 861, 864 (W.D. Mo. 2012).

Elliott alleges Roberts violated the FDCPA by objecting to her desired name change in the Douglas County District Court on the ground Elliott was trying to avoid paying a debt. (Filing No. 21 at 5.) As previously mentioned, this Court found Elliot may be attempting to recover under the prohibitions set forth in 15 U.S.C. § 1692d, 1692f, and 1692c(b). (Filing No. 21 at 6.)

A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.' *Duffy v. Landberg,* 215 F.3d 871, 874 (8th Cir. 2000) (quoting *Taylor v. Perrin, Landry, deLaumay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997)). This standard protects the uninformed or naïve consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters. *Peters v. Gen Serv. Bureau, Inc.,* 277 F.3d 1051, 1054-1055 (8th Cir. 2002).

5

*Strand v. Diversified Collection Service, Inc.,* 380 F.3d 316, 318 (8th Cir. 2004). (internal quotation marks omitted).

**§ 1692d. Harassment or abuse**

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Conduct that violates § 1692d includes but is not limited to the following:

(1) The use or threat of use of violence or other criminal means to harm the physical person reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list o consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

*Id.*

In considering a § 1692d claim arising under factual circumstances similar to those presented in the present case, the Eleventh Circuit held, "If the filing of a lawsuit does not have the natural consequence of harassing, abusing or oppressing a debtor, surely a simple oppositional statement does not 'represent[ ] the type of coercion and delying into the personal lives of debtors that the FDCPA in general, and § 1692d in particular was designed to address.' … Even viewed from the perspective of the least sophisticated consumer, the filing of the sworn reply does not have the natural consequence of harassing, abusing, or oppressing. …" *Miljkovic v. Shafritz and Dinkin, P.A.,* 791 F.3d 1291, 1305 (11th Cir. 2015) (quoting *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1179-80 (11th Cir. 1985)).

6

In *Miljkovic*, the defendant law firm "filed a motion in Florida state court seeking a continuing writ of garnishment against [the plaintiff's] wages in order to collect on a previously obtained final debt judgment." 791 F.3d at 1295. During the proceedings, the defendant "filed a sworn reply in opposition to [the plaintiff's] claim of exemption", disputing the plaintiff's assertion, and following further discovery the defendant filed a motion to dissolve the writ of garnishment prompting the plaintiff to file suit under the FDCPA. Id. The district court dismissed the plaintiff's claim, and the Eleventh Circuit affirmed, finding, "Section 1692d does not, as a matter of law, proscribe Appellees' conduct in this case." Id. at 1305.

As in *Miljkovic*, Roberts' filing an objection and appearing at the hearing on Elliott's petition to change her name does not have the natural consequence of harassing, abusing, or oppressing Elliott as a debtor; nor does it represent the type of coercion and delving into Elliott's personal life that the FDCPA generally, and § 1692d in particular was designed to address. Furthermore, the state court preliminarily sustained Robert's objection, which indicates that court considered there was a valid basis to file the pleading. Elliott has not presented any evidence from which a reasonable jury could find a § 1692d violation by Roberts' objection and appearance on the petition to change Elliott's name. Consequently, Roberts is entitled to summary judgment on Elliott's § 1692d claim.

**§ 1692f. Unfair practices**

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f has been labeled a "catch-all prohibition". *Miljkovic*, 791 F.3d at 1308. In the context of the FDCPA, "'an act or practice is deceptive or unfair if it has the tendency or capacity to deceive'" …, and "'unconscionable' is defined as 'shockingly unfair or unjust.'" Id.

The conduct the plaintiff in *Miljkovic* claimed violated § 1692d (filing an oppositional statement in state court garnishment proceedings) was also the basis for his claim that the defendant violated § 1692f. The Eleventh Circuit found:

> A catch-all is not a free-for-all. In order to proceed under § 1692f, Appellant is still required to allege facts showing that the least sophisticated consumer would or could view Appellee's sworn reply as partial and unjust or as unscrupulous and unethical. Appellant makes no such allegations.

7

> Looking to the conduct that is alleged, we fail to see how the sworn statement, which was filed after Appellees had obtained a writ of garnishment and for purposes of persuading the state court to hold an evidentiary hearing on Appellant's exemption claim, was either deceitful or an affront to just. …
>
> The crux of Appellant's § 1692f claim is Appellees' assertion in the sworn reply of a legal position contrary to that of Appellant. Unfortunately, disagreement is the nature of litigation. Appellees' conduct before the state court does not, without more, rise to the level of unfair or unconscionable under § 1692f. As such, we affirm the district court's dismissal of Appellant's § 1692f claim as well.

791 F.3d at 1308-1309 (internal citations omitted).

Similarly, in the case at bar, Elliott fails to present any evidence that would establish Roberts' conduct in the state court proceedings on Elliott's petition to change her name could be viewed as partial and unjust or as unscrupulous and unethical. Furthermore, Elliott has not demonstrated any facts that show Roberts' objection in the name change proceedings amounts to the statutory enumerated examples of conduct considered violations of § 1692f. See 15 U.S.C. § 1692f(1)-(8). Thus, summary judgment on Elliott's § 1692f claim is warranted.

**§ 1692c(b). Communication in connection with debt collection**

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). A debt collector may communicate with "any person other than the consumer for the purpose of acquiring location information about the consumer." 15 U.S.C. § 1692b.

Roberts' communications in the form of the written objection and appearance at the hearing on Elliott's petition to change her name were "reasonably necessary to effectuate a postjudgment judicial remedy." See 15 U.S.C. § 1692c(b). Elliott presents no evidence to controvert this fact. The aforementioned actions by Roberts fall squarely within the conduct that the FDCPA

8

immunizes from § 1692c(b) liability; therefore, summary judgment is proper on Elliott's § 1692c(b) claim.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Filing No. 49.) is granted.

2. Judgment will be entered by separate document.

Dated this 18th day of August, 2025.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge